IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN CORNELIUS GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-064 |
| | ) | |
| LEE PRESCOTT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, who is currently incarcerated at Georgia Diagnostic and Classification

Prison in Jackson, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1]

Because Plaintiff is proceeding *in forma pauperis*, his pleadings must be screened to protect

potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings

drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-

21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is

frivolous or malicious or that fails to state a claim upon which relief may be granted. 28

---

[1]Although Plaintiff is currently confined at Georgia Diagnostic and Classification
Prison, his pleadings concern events that allegedly occurred in Richmond County, Georgia.
(See doc. nos. 1, 4.)

U.S.C. §§ 1915(e) & 1915A.[2,3]

## I.    BACKGROUND

In his complaint and amended complaint,[4] Plaintiff names the following Defendants:

(1) Lee Prescott, Public Defender; (2) FNU Rzasa, Investigator; (3) Ashley Wright, District

Attorney; (4) the Honorable Carl C. Brown, Superior Court Judge; (5) the Honorable Danny

Craig, Superior Court Judge; (6) FNU Sanken, Parole Officer; (7) FNU Reeves, Captain;

---

[2]Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's pleadings even though he is unable to pay the initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

[3]Given that Plaintiff has filed an interlocutory appeal regarding the denial of his request for a preliminary injunction, the Court must address whether it retains jurisdiction over Plaintiff's complaint. It does. See, e.g., State of Alabama v. Envtl. Prot. Agency, 871 F.2d 1548, 1553-54 (11th Cir. 1989) (holding district court retained jurisdiction to grant summary judgment and to dismiss suit despite pending interlocutory appeal of district court's issuance of preliminary injunction) (citing United States v. White, 846 F.2d 678, 693 n.23 (11th Cir. 1988) (explaining that pending interlocutory appeal did not divest district court of jurisdiction over motion to dismiss indictment)); Hamer v. Campbell 358 F.2d 215, 223 (5th Cir. 1966) (holding that denial of preliminary injunction and filing of interlocutory appeal did not divest district court of jurisdiction over supplemental complaint) (quoting United States v. Lynd, 321 F.3d 26, 28 (5th Cir. 1963) ("[A]n appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits.")).

[4]In a previously issued Report and Recommendation addressing Plaintiff's motions for preliminary injunctive relief, the Court noted that Plaintiff filed an amended complaint setting forth allegations related to the claims in his original complaint and naming several new Defendants. (Doc. no. 12, p. 1 n.1 (citing doc. no. 4).) While the preferred method for amending pleadings is to include all allegations in a single document, the Court found it appropriate in this case to read Plaintiff's amended complaint in conjunction with his original complaint. (Id.) Consistent with that prior ruling, the Court will take into account the allegations in both documents in screening Plaintiff's pleadings.

(8) the "Law Library Coordinator," and (9) the "Augusta Chronicle Metro Editor."[5] (Doc. no. 1, pp. 1, 3; doc. no. 4, pp. 1, 4.)

Plaintiff alleges that he was arrested in November of 2009, following which he was indicted in the Superior Court of Richmond County, Georgia, for armed robbery, burglary, hijacking a motor vehicle, kidnaping, and possession of a knife. (Doc. no. 1, p. 1.) Plaintiff asserts that his criminal case has not yet gone to trial, despite the fact that he has submitted various *pro se* filings to the trial court objecting to continuances requested by the prosecution and seeking dismissal of the charges against him. (Id. at 1-2.) Plaintiff also alleges that he sent a letter addressing the issue of delay to his attorney, Defendant Prescott of the Public Defender's Office, but received no response. (Id.) Defendant claims that his right to a speedy trial has been therefore violated by Defendant Prescott, as well as by Defendant Brown, the Superior Court Judge presiding over his case, and Defendant Wright, the District Attorney for the Augusta Judicial Circuit. (Id. at 2.)

In addition, Plaintiff asserts that Defendant Wright "knowingly prepared misstatements against [him] written by [Defendant Rzasa and Sanken]." (Doc. no. 4, p. 1.) Plaintiff further alleges that Defendants Rzasa and Sanken conspired to have him arrested in November of 2009, an event that apparently caused a revocation of some type of supervised release related to a previous conviction. (See id. at 5.)

---

[5]The **CLERK** is **DIRECTED** to modify the docket to reflect that Plaintiff has named "Augusta Chronicle Metro Editor" as a Defendant in this action. (See doc. no. 4, p. 4.)

In his demand for relief, Plaintiff seeks an award of monetary damages against each Defendant. (Doc. no. 1, p. 3; doc. no. 4, p. 6.)

## II.  DISCUSSION

### A.  No § 1983 Claim Against Defendants Craig, Reeves, "Law Library Coordinator," and "Augusta Chronicle Metro Editor"

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a viable § 1983 claim against Defendants Craig, Reeves, "Law Library Coordinator," and "Augusta Chronicle Metro Editor." Plaintiff does not mention these parties in his complaint aside from naming them as Defendants. However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between actions of these Defendants and an alleged unconstitutional

4

deprivation, Plaintiff fails to state a claim for relief against these Defendants.[6]

**B.      Defendants Craig and Brown Are Entitled to Judicial Immunity**

In addition, Plaintiff fails to state a claim upon which relief may be granted against

Defendants Craig and Brown because, as judges, they are entitled to absolute immunity.  It

is well-settled that judicial officers are entitled to absolute immunity from suit for actions

taken that are within their jurisdictional power to perform.  Stump v. Sparkman, 435 U.S.

349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the

action he took was in error, was done maliciously, or was in excess of his authority; rather,

he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'"

(footnote omitted)).  Thus, the Court must determine whether Defendants Craig and Brown

were dealing with Plaintiff in a judicial capacity and whether the judges' conduct clearly fell

outside their subject matter jurisdiction.  See id. at 359-64.

As Plaintiff makes no allegation that Defendants Craig or Brown acted in the "clear

absence of all jurisdiction," id. at 357, the Court must consider whether their actions were

of the type normally performed by judges.  Patterson v. Aiken, 628 F. Supp. 1068, 1072

(N.D. Ga. 1985), aff'd, 784 F.2d 403 (11th Cir. 1986) (Table).  Here, as noted above,

---

[6]Plaintiff recently filed two other cases in this Court, the complaints in which set forth allegations against certain of the Defendants identified in this section. See Glenn v. Strength, CV 111-075, doc. no. 1 (S.D. Ga. May 24, 2011); Glenn v. Kitchens, CV 111-082, doc. no. 1 (S.D. Ga. June 6, 2011).  However, the Court will not incorporate allegations from Plaintiff's pleadings in other cases in determining the adequacy of his pleadings in the instant case.  Rather, each case will be treated as a separate action.

Plaintiff does not mention Defendant Craig in the body of his complaint, much less allege conduct outside of his judicial capacity. See supra Part II.A. Moreover, Plaintiff's allegations as to Defendant Brown concern his actions as the judge presiding over Plaintiff's criminal proceedings in state court; such actions qualify as activity of a type usually performed by judges. In short, because Plaintiff fails to allege any actions by Defendants Craig and Brown in the absence of all jurisdiction or of a type not typically performed by judges, they are entitled to absolute immunity, and Plaintiff's allegations against them fail to state a claim upon which relief may be granted.

### C. Defendant Wright is Entitled to Prosecutorial Immunity

Plaintiff also fails to state a claim against Defendant Wright, as she too is entitled to immunity. "A prosecutor is entitled to absolute immunity for all actions [she] takes while performing [her] function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Id. (citation omitted); see also Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010) ("In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process.'" (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009))).

Here, Plaintiff's allegations against Defendant Wright only pertain to her traditional duties as counsel for the State in Plaintiff's criminal case, and she is therefore entitled to

6

absolute immunity. Accordingly, Plaintiff's allegations against Defendant Wright fail to state a claim upon which relief may be granted.

### D.     Defendant Prescott Is Not Subject to Liability in a § 1983 Action

In addition, the Court finds that Plaintiff fails to state a claim against Defendant Prescott because he did not act under the color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, CV 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law).

7

By representing Plaintiff in his criminal case, Defendant Prescott was simply acting in accordance with his role as counsel to a defendant in a criminal proceeding and thus is not a "person acting under color of state law" under § 1983. Therefore, Plaintiff's allegations against Defendant Prescott fail to state a claim upon which relief may be granted.[7]

### E.  Failure to State a Claim Against Defendants Rzasa and Sanken

Plaintiff likewise fails to state a viable § 1983 claim against Defendants Rzasa and Sanken. Plaintiff's only allegations against these Defendants are that they wrote "misstatements against [him]" that were used by Defendant Wright in his criminal proceedings and that they "conspired against [him] to have [him] arrested," which apparently caused a revocation of a previously imposed term of supervised release. (See doc. no. 4, p. 5.)

To the extent Plaintiff suggests that there was some sort of conspiracy afoot between Defendants Rzasa and Sanken, such allegations fail to state a claim upon which relief can be granted. An attempted conspiracy claim supported only by conclusory, vague, and general allegations is subject to dismissal. Kearson v. Southern Bell Tel. & Tel. Co., 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*); see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th

---

[7]As discussed previously, Plaintiff fails to state a claim for relief against the "Augusta Chronicle Metro Editor" he names as a Defendant because he fails to allege any connection between the actions of that Defendant and a legal wrong. See supra Part II.A. The Court notes that any attempted § 1983 claim against the "Augusta Chronicle Metro Editor" would also fail because that Defendant, like Defendant Prescott, is not a "person acting under color of state law" for the purpose of § 1983.

Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. . . It is not enough to simply aver in the complaint that a conspiracy existed."). To prevail on a conspiracy claim under § 1983, a plaintiff must (1) show that the parties had a "meeting of the minds" or reached an understanding to violate the plaintiff's rights and (2) prove an actionable wrong to support the conspiracy. Bailey v. Board of County Comm'rs of Alachua County, Fla., 956 F.2d 1112, 1122 (11th Cir. 1992). "[T]he linchpin for conspiracy is agreement, which presupposes communication . . . ." Id. Here, Plaintiff does not offer any specifics on when or how an agreement between any persons, let alone an agreement involving Defendants Rzasa and Sanken, may have been reached to violate Plaintiff's rights. Accordingly, Plaintiff has failed to state a viable conspiracy claim.

Finally, the Court will address Plaintiff's statement that Defendants Rzasa and Sanken wrote "misstatements against [him]" that were used in his criminal prosecution. Like his unsupported assertion of conspiracy, this allegation is simply too vague and conclusory to support Plaintiff's attempted § 1983 claim. See Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) (holding that a "bare, conclusory allegation . . . is insufficient, without more, to warrant further evidentiary consideration"); see also Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (noting that conclusory allegations are not entitled to an assumption of truth in determining whether a complaint states a claim upon which relief may be granted). Plaintiff fails to specify the nature of the "misstatements" purportedly written by Defendants

9

Rzasa and Sanken, and he likewise offers no explanation as to how these alleged "misstatements" violated any constitutional right. Accordingly, Plaintiff's allegations fail to state a viable § 1983 claim against Defendants Rzasa and Sanken.

In sum, Plaintiff has failed to state a § 1983 claim upon which relief may be granted. Because he has not stated a viable § 1983 claim against any of the named Defendants, this case should be dismissed.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim upon which relief may be granted and **CLOSED**.

SO REPORTED and RECOMMENDED this 29th day of November, 2011, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE